# EXHIBIT "A"

# REAL ESTATE LIEN NOTE

$149,200.00       LAREDO, TEXAS       ~~DECEMBER~~ JANUARY 9, ~~2000~~ 2001



FOR VALUE RECEIVED, **ROSA MARIA GONZALEZ**, as Maker hereby unconditionally promise to pay to the order of SOUTH TEXAS NATIONAL BANK OF LAREDO at its office in the City of Laredo, Webb County, Texas, the principal sum of ONE **HUNDRED FORTY-NINE THOUSAND TWO HUNDRED AND NO/100THS ($149,200.00) DOLLARS**, in the legal and lawful money of the United States of America, with interest thereon, calculated on the basis of a 365 day year, on all amounts advanced from the date of each advance until maturity at the annual rate equal to **NINE AND NINE-TENTHS (9.90%) PERCENT** per annum. Notwithstanding the foregoing, the interest rate on this Note shall never exceed the maximum rate permitted by Texas Usury Laws or preemptive Federal Law, if any, applicable to this loan.

Accrued interest only is due on ~~June~~ July 9, 2001, thereafter principal and interest is due and payable in monthly installments of **ONE THOUSAND FOUR HUNDRED THIRTY AND 25/100THS ($1,430.25) DOLLARS** (or more), each. The first installment is payable on or before ~~July~~ August 9, 2001, and the rest are payable on or before the 9th day of each succeeding month until ~~June~~ July, 2021, when all unpaid principal and accrued interest shall become due. Accrued interest on the unpaid balance will be deducted from each installment first, and the remainder will be applied to payment of principal. Interest shall accrue on all past due principal and interest at the maximum rate allowable by law.

If the Note Holder has not received the full amount of any monthly payment by the end of ten calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **FIVE (5.00%) PERCENT** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on the same installment.

This note represents a master note upon which periodic draws or advancements may be made for the purpose of interim construction financing of improvements to the real property described herein and interest shall accrue on each advancement made from the date of such advancement until maturity.

THIS LOAN IS PAYABLE AT MATURITY. THE BANK IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER WILLING TO LEND YOU THE MONEY AT PREVAILING MARKET RATES, WHICH MAY BE CONSIDERABLY HIGHER THAN THE INTEREST RATE ON THIS LOAN.

This note is secured by a deed of trust lien created by a deed of trust of even date from Maker to **DAVID E. PUIG**, Trustee, which covers the following real property:

> THE SURFACE ESTATE ONLY IN AND TO LOT TWENTY-NINE (29), BLOCK TWO (2), SALINAS KEY SUBDIVISION, PHASE I, SITUATED IN THE CITY OF LAREDO, WEBB COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 10, PAGE 74, PLAT RECORDS OF WEBB COUNTY, TEXAS.

It is especially agreed that if default shall be made in any payment due hereon, of either principal or interest, or if there is a default in any of the terms, covenants, agreements, conditions or provisions contained in any instrument or document given to secure this Note, or should any maker, endorser, surety or guarantor hereof become insolvent or commit an act of bankruptcy or make an assignment for the benefit of creditors or authorize the filing of a voluntary petition in bankruptcy, or should a receiver of any of their property be appointed, or should involuntary bankruptcy proceedings be filed or threatened against any maker, endorser, surety or guarantor hereof, then in any such event, at the option of Payee or any legal holder

Real Estate Lien Note
Page 1 of 3

INITIAL

Exhibit "A"

hereof at any time thereafter, the unpaid principal balance of this Note, and all accrued interest shall at once become due and payable and shall bear interest from the date of such default or event (whichever occurs first) until paid at the maximum interest rate permitted by Federal or State of Texas Law, whichever applicable.

It is the intention of the parties hereto to comply with the usury laws of the State of Texas and of the United States of America. The parties hereto do not intend to contract for, charge or receive any interest or other charge which is usurious, and by the execution of this Note, Makers agree that SOUTH TEXAS NATIONAL BANK OF LAREDO has no such intent. This Note and all agreements between Makers and SOUTH TEXAS NATIONAL BANK OF LAREDO or the holder hereof, which are now existing or hereafter arising, whether written or oral, are hereby expressly limited so that in no event whatsoever, whether by reason of acceleration of maturity hereof, or otherwise, shall the amount paid, or agreed to be paid, to SOUTH TEXAS NATIONAL BANK OF LAREDO or any legal holder hereof for the use, forbearance or detention of the money to be due hereunder or otherwise, or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing, or pertaining to the indebtedness evidenced hereby, exceed the maximum rate allowed by law. If from any circumstance whatsoever fulfillment of any provisions hereof or other document, at the time performance of such provisions shall be due, shall involve transcending the limits of validity prescribed by law, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstances SOUTH TEXAS NATIONAL BANK of LAREDO or any legal holder shall ever receive as interest or otherwise an amount which will exceed the maximum rate allowed by law, such amount which would be excessive interest shall be applied to the reduction of the principal amount owing hereunder and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof, such excess shall be refunded to Maker. All sums paid and agreed to be paid to SOUTH TEXAS NATIONAL BANK OF LAREDO or any legal holder for use, forbearance or detention of the indebtedness of Maker shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the whole terms of such indebtedness so that the actual rate of interest on account of such indebtedness is uniform throughout the term thereof. The terms and provisions of this paragraph shall control and supersede any other provision of this Note.

The Makers hereof may at any time pay the full amount or any part of this Note, without the payment of any penalty or fee and all payments hereunder, whether designated as payments of principal or interest, shall be applied first to the payment of accrued interest, the balance to principal.

If this Note is not paid at maturity, however, such maturity may be brought about, and same is placed in the hands of any attorney for collection or if collection by suit or through bankruptcy, probate, receivership or other legal or judicial proceedings, the Maker hereof agrees to pay reasonable costs of collection and reasonable attorney's fees.

Each Maker and all sureties, endorsers and guarantors of this Note, and each party hereafter assuming or otherwise becoming liable hereon (i) waive demand, presentment for payment, notice of nonpayment, notices of intention to accelerate maturity, protest, notice of protest and all other notices, filing of suit diligence in collecting this Note or enforcing any of the security hereof, (ii) agree to any substitution, exchange or release of any such security or the release of any party primarily or secondarily liable hereon, (iii) agree that the Payee or other holder hereof shall not be required first to institute suit or exhaust its remedies hereon against the Makers or others liable or to become liable hereon or to enforce its rights against any security herefor in order to enforce payment of this Note by it, and (iv) consent to any extension or postponement of time of payment of this Note and to any other indulgence with respect hereto without notice thereof to any of them.

Any check, draft, money order, or other instrument given in payment of all or any portion hereof may be accepted by the Payee or any other holder hereof and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the Payee or any other holder hereof, except to the extent that actual cash proceeds of such instrument are unconditionally received by the Payee or any other holder hereof and applied to this indebtedness as herein provided.

INITIAL

Upon default, it is further agreed that the Payee or any legal holder shall have a first lien on all deposits and on the sums at any time credited by or due from the Payee or any legal holder hereof to any maker, endorser, surety or guarantor hereof as collateral security for the payment of this Note, and the Payee or other holder hereof, at its option, may at any time, without notice and without any liability, hold all or any part of any such deposits or other sums until all sums owing on this note have been paid in full and/or apply or set off all or any part of any such deposits of other sums credited by or due from the Payee or any legal hereof to or against any sums due on this Note in any manner and in any order of preference which the Payee or other legal holder hereof, at its sole discretion, chooses.

If any payment of principal or interest on this note shall become due on a Saturday, Sunday, or public holiday under the laws of the State of Texas on which the Payee is not open for business, such payment shall be made on the next succeeding business day and such extension of time shall in such case be included in computing interest in connection with such payment.

This note may not be assumed by any person(s), partnership, corporation, organization or an other entity without the express written consent of the Holder of this note.

Sale or conveyance, whether in part or in full, and whether of legal or equitable title, of the herein described property shall cause this Note at the option of the holder hereof, to mature in its entirety, both as to principal and interest.

ROSA MARIA GONZALEZ

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

DATE: ~~DECEMBER 9, 2000~~ JANUARY __, 2001

DEBTOR(S) OR OBLIGOR(S):

ROSA MARIA GONZALEZ

LENDER:

SOUTH TEXAS NATIONAL BANK OF LAREDO

By: _____
Name: ~~YOLANDA~~ DA P. JIMENEZ
Title: SENIOR VICE PRESIDENT


INITIAL